HAMBURG-BREMEN FIRE INS. CO. v. PELZER MANUF'G CO.

(Circuit Court of Appeals, Fourth Circuit. November 10, 1896.)

No. 168.

1. EQUITY JURISDICTION—MISTAKE IN ANNOUNCING VERDICT.
   Where the foreman of a jury, in announcing the verdict, omitted by mistake one of the items which the jury had allowed, and the mistake was not discovered until it was beyond the general power of the court to disturb the judgment, *held,* that equity had jurisdiction to grant relief. 71 Fed. 826, affirmed.

2. SAME—JURORS AS WITNESSES.
   In a proceeding in equity to remedy a mistake in announcing the verdict of a jury, the jurors are competent witnesses to prove that the verdict read out in court by the foreman was not their verdict, but the result of an oversight by him in making the announcement.

3. SAME—LACHES.
   Several actions upon policies of insurance were consolidated. Each suit was upon a single policy, with the exception of one, which was upon two separate policies. The jury agreed upon a verdict awarding to plaintiffs the full amount claimed, but the foreman, in announcing the verdict, for which purpose other business of the court was interrupted, omitted therefrom the amount of one of the policies in the last-mentioned suit. An appeal was taken on matters of law only, and the judgment was affirmed. The mistake was not discovered until nearly three years afterwards, and a bill in equity was immediately filed to correct the same. *Held,* that there was no such laches as would prevent relief.

4. INSURANCE POLICIES—LIMITATION OF ACTIONS.
   A limitation in a policy of insurance that all suits shall be commenced within one year after the loss does not affect a proceeding to correct an error in announcing and entering a verdict by which the amount of such policy was omitted therefrom.

Appeal from the Circuit Court of the United States for the District of South Carolina.

This case was removed by the appellant, the insurance company, to the circuit court of the United States for the district of South Carolina. It is a bill in equity, originally filed in the court of common pleas for Greenville county, S. C., to correct an error in a verdict and judgment in that court in a case there tried, in which the Pelzer Manufacturing Company, the appellee, was plaintiff, and the Hamburg-Bremen Fire Insurance Company, the appellant, was defendant. The appellee, in March, 1889, was the owner of about 1,000 bales of cotton, worth about $45,000, stored in the warehouse of Cely & Bro., at Greenville, S. C., and as to which Cely & Bro. had agreed with the appellee to make good any loss caused by fire. The cotton was burned, and Cely & Bro., having effected insurance on the cotton against loss by fire in 16 different companies to the amount in the aggregate of about $35,000, and being liable to make good the whole loss to the appellee, assigned to it the 16 policies. Some of the insurance companies refused payment, and suits were instituted by the appellee, as assignee of the policies, in the Greenville county court. Three of the policies sued on were issued by the appellant. One was for $2,000, one for $2,500, and one for $5,500. Nearly all the suits were brought to recover on a single policy, but against the appellant two suits only were entered, one declaring on the $2,000 policy, and the other declaration containing two counts, one on the $2,500 policy and the other on the policy for $5,500. All the suits in the Greenville county court came up for trial on March 20, 1891, and two of them, not against this appellant, but in which all the defenses relied upon by all the insurance companies were set up, were thoroughly tried and contested before a jury. The rulings of the court were against the defendants' defenses, and verdicts were rendered for the full amounts claimed on those policies, with interest. Exceptions were reserved by the defendant company to the court's rulings for the purpose · of taking the questions of law to the supreme court of South Carolina. It was then agreed by counsel that it was useless to go through the trial of the remaining cases, and that they should all be submitted to the same jury upon the testimony already given, and the same exceptions should be considered as taken, and the right of appeal reserved. Thereupon the six remaining cases, including the two cases against the appellant, were given to the jury, and they retired. All the cases were on single policies, except that one against the appellant, which was for the two policies of $2,500 and $5,500 each. When the jury came into court to announce their verdict, the court was engaged in another case, which had to be interrupted while the foreman read out the verdicts. They were for the full amount of the policy in each case, with interest, but by mistake, as was afterwards discovered, the foreman had entirely omitted from the verdict against the appellant the policy of $2,500, announcing in that case a verdict only for the $5,500 and interest. In a day or two afterwards the court adjourned for the term. The questions of law were taken to the supreme court of South Carolina, and were decided adversely to the insurance companies, and the judgments were affirmed. Subsequently, in June, 1892, the judgments were paid, and entered satisfied. Afterwards a suit was instituted by the appellee against Cely & Bro. to recover the balance of the amount lost by the burning of the cotton not realized from the assigned policies, and in the examination of the accounts between the appellee and Cely & Bro. the discrepancy of $2,500 was discovered, and it was then for the first time ascertained that the verdict in question had been entered for the amount of one policy instead of both the policies set out in the declaration. Demand was then made on the appellant for the amount, and upon refusal this bill in equity was filed. The bill sets out the facts with particularity, and prays to have the verdict corrected, and for judgment for the $2,500 and interest. The case was removed from the Greenville county court by the insurance company, and in the United States circuit court a demurrer was filed, which was overruled. 62 Fed. 1. Proofs were taken, and the case came to final hearing, and a decree was entered in favor of the appellee for the sum of $2,500, with interest to the date of the affirmance of the judgment by the supreme court of South Carolina, and also interest on $2,500 from the filing of the bill until paid. 71 Fed. 826.

Julius H. Heyward, for appellant.

Augustine T. Smythe and H. J. Haynsworth, for appellee.

Before GOFF, Circuit Judge, and HUGHES and MORRIS, District Judges.

MORRIS, District Judge (after stating the facts as above). The first question raised by this appeal is whether equity has jurisdiction. The fact of the mistake is undeniable. The evidence of the foreman and the jurors who were examined as witnesses makes it manifest that the jury had agreed to render a verdict for the amount now claimed, and that they supposed that the foreman was announcing a verdict for the full amount of all the policies and interest, which was the verdict they had agreed upon. It was in the nature of a clerical mistake made by the foreman, by which he misstated the verdict which had been agreed upon. The matter is susceptible of the clearest and most indubitable proof. The case is the same in principle as if the mistake had been the other way, and the foreman had, contrary to the finding of the jury, announced a verdict for $2,500 more than the plaintiff had claimed in its declaration or proofs. The general rule is that after the term the judgment is beyond the control of a court of law. Bronson v. Schulten, 104 U. S. 410–415. So that, when this mistake was discovered, it was beyond the general powers of the court which entered the judgment to disturb it. The provisions of the Code of South Carolina (section 195), as construed by the supreme court of South Carolina, would appear not to be applicable to the case of a plaintiff, but only to the case of the party against whom the judgment is taken. Steele v. Railroad Co., 14 S. C. 331; Clark v. Wimberly, 24 S. C. 141. It is apparent, therefore, that the complainant was without any remedy at law at the time the mistake was discovered. It is not to be denied that in a proper case, and where the party is without remedy at law, equity has jurisdiction to grant relief with respect to a judgment which by reason of mistake is inequitable. And this equity jurisdiction has frequently been exercised with respect to a judgment which does not give effect to the actual verdict agreed upon by the jury. Cohen v. Dubose, Harp. Eq. 102; The Hiram, 1 Wheat. 440; Phillips v. Negley, 117 U. S. 665, 6 Sup. Ct. 901; 2 Story, Eq. Jur. § 1571; 2 Pom. Eq. Jur. § 871; Partridge v. Harrow, 27 Iowa, 96; Barthell v. Roderick, 34 Iowa, 517.

The next assignment of error relates to the admission of the testimony of five of the jurors as to what was the verdict upon which they had agreed. They all testified, in substance, that after finding for the plaintiff in the cases in which the witnesses were examined, and the remaining six cases were submitted to them, they had but one common understanding, and that was that they were to find as they had found in the first cases for the full amount of the policies and interest. They knew of no reason why there should be any discrimination with regard to the case in question, and they did not make any, but came into court having agreed to give the full amount sued for with interest. It is contended that the admission of this testimony violates the rule which excludes the evidence of jurors to impeach a verdict by testimony as to their deliberations, or to show upon what grounds the verdict was rendered, or to show

a mistake or misconduct of the jurors in arriving at the verdict. But the testimony objected to only tended to show what the verdict was, not how it had been arrived at, and to prove that the verdict read out in court by the foreman was not their verdict, but the result of an oversight by him in making the announcement. Without weakening at all the strictness of the general rule, testimony to this effect has been sanctioned in well-considered cases, and does not fall within the strong objections which properly exclude the statements of jurors in a different class of cases. Speaking of affidavits of jurors impeaching their verdict, it is said by Chief Justice Taney in U. S. v. Reid, 12 How. 366.

"It would perhaps hardly be safe to lay down any general rule upon this subject. Unquestionably such evidence ought always to be received with great caution. But cases might arise in which it would be impossible to refuse them without violating the plainest principles of justice."

And in Mattox v. U. S., 146 U. S. 147, 13 Sup. Ct. 50, this ruling is reaffirmed, and the exclusion of affidavits as to facts occurring in the jury room was held reversible error.

In Capon v. Stoughton, 16 Gray, 364, it was held that it was admissible at a subsequent term to permit jurors to testify that the verdict signed by them was not the verdict the jury supposed they were signing, and was not the one they had agreed upon and intended to sign. The opinion of Chief Justice Bigelow fully discusses the reasons for the rule excluding the testimony of jurors as to their deliberations in making up their verdict. He says:

"The evidence of the jurors is offered only to show a mistake in the nature of a clerical error which happened after the deliberations of the jury had ceased, and they had actually agreed upon their verdict. The error consisted, not in making up their verdict on wrong principles, or on a mistake of facts, but in an omission to state correctly in writing the verdict to which they had, by a due and regular course of proceeding, honestly and fairly arrived. * * * No considerations of public policy require that the uncontradicted testimony of jurors to establish an error of this nature should be excluded. Its admission does not in any degree infringe on the sanctity with which the law surrounds the deliberations of jurors, or expose their verdicts to be set aside through improper influences, or upon grounds which might prove dangerous to the purity and steadiness of the administration of public justice. On the contrary, it is a case of manifest mistake of a merely formal and clerical character, which the court ought to interfere to correct, in order to prevent the rights of the parties from being sacrificed by a blind adherence to a rule of evidence in itself highly salutary and reasonable, but which, upon principle, has no application to the present case." Jackson v. Dickenson, 15 Johns. 309–317; Peters v. Fogarty, 55 N. J. Law, 386, 26 Atl. 855; Dalrymple v. Williams, 63 N. Y. 361.

We are of opinion that under the circumstances of this case the testimony of the jurors was rightly admitted and considered. It was uncontradicted in any respect, and the truth of it was plainly manifest.

It is also alleged as error that, even if it be conceded that the mistake in the entry of the verdict and judgment do give jurisdiction to a court of equity to grant relief, the appellee, its agents and attorneys, have been guilty of such negligence as to forbid its interposition; that, as the verdict was delivered by the foreman in open court, and the judgment affirmed on appeal, and paid and satisfied,

and the mistake not discovered until nearly three years after the verdict was rendered, there must have been such negligence as should preclude a court of equity from relieving the parties from the result of their own inattention. A fair statement of the proper rule is, we think, contained in 2 Pom. Eq. Jur. § 856:

"As a second requisite, it has sometimes been said in general terms that a mistake resulting from the complaining party's own negligence will never be relieved. This proposition is not sustained by the authorities. It would be more accurate to say that, where the mistake is wholly caused by the want of that care and diligence in the transaction which should be used by every person of reasonable prudence, and the absence of which would be a violation of legal duty, a court of equity will not interpose its relief; but, even with this more guarded mode of statement, each instance of negligence must depend to a great extent upon its own circumstances. It is not every negligence that will stay the hand of the court. The conclusion from the best authorities seems to be that the neglect must amount to the violation of a positive legal duty. The highest possible care is not demanded."

In judging of the degree of negligence to be imputed to the appellee there are many circumstances to be considered,—the unusual number of policies and suits; the fact that the attention of the parties was concentrated upon the trial of the cases which were really tried; the fact that when it was agreed that the remaining six cases should be submitted to the same jury it was practically expected to be a verdict by consent, with no controverted question as to the amounts; that in all the cases except the one in question there was one policy only; the fact that, the amounts not being in dispute, attention was directed to the questions of law only, which were reserved for appeal; the fact that other business was being proceeded with when the jury came into court. There are many circumstances which explain how the attention of the parties was relaxed, and how the error might be overlooked without imputing to any one acting for the appellee such negligence as should deprive it of all remedy, provided the other party has not been put in any worse position by the delay. The mistake having occurred, it was not likely to be discovered, except upon a careful examination of accounts, or by chance. The occasion for the examination did not occur until the suit came on for trial between the appellee and Cely & Bro. As soon as it was discovered, the appellee acted promptly, and there was no further delay.

In Galliher v. Cadwell, 145 U. S. 373, 12 Sup. Ct. 873, 875, it is said:

"Laches is not, like limitation, a mere matter of time, but principally a question of the inequity of permitting the claim to be enforced,—an inequity founded upon some change in the condition or relations of the property or parties."

There are many cases in which relief has been refused because the mere inattention of the party complaining has been held to be a want of reasonable diligence. But the present case presents peculiar circumstances accounting for the oversight, and it is peculiar in this: that the proof of the mistake is so clear, and the fact that the lapse of time has been no injury to the appellant. Its business of fire insurance requires it to be ready to respond to contingent

liabilities arising from the risks it insures, and it cannot make a substantial difference to its stockholders whether it is called upon to pay a just debt in one year or another. The amount is not large, and its existence as a debt could not have influenced the corporation in its business or contracts during the time it was overlooked by the appellee. The large class of cases in which it is rigidly held that equity will not interfere because a defendant did not avail himself of some defense which he might have had, unless it appear that his not availing of it was the result of fraud or accident unmixed with any fraud or neglect of the party or his agents, are not strictly applicable to the present case, because the application is not to reopen the controversy, but to correct a verdict incorrectly entered as to a matter that was not controverted, for it was not the amount of recovery which was controverted, but the legal liability of the insurers under the policies.

It is further urged as error that the circuit court overruled the defense that the suit in equity was brought too late, the policy having provided that all suits should be commenced within 12 months after the fire. But the sufficient answer is that this is not a suit on the policy or the original cause of action. That suit on the policy has been tried. All the appellant's defenses were presented, and a verdict rendered. The present proceeding is to correct the manifest mistake made in announcing and entering that verdict, and the special limitation as to suit on the policy has no application.

The circuit court, having jurisdiction, and finding the complainant entitled to relief, proceeded to decree the only relief which in this case could be adequate and effectual by decreeing that the appellant should pay the sum accidentally omitted from the verdict, without interest during the period the mistake remained undiscovered and during which no demand was made.

It may be that the present case reaches a point beyond which courts of equity should not advance in disturbing judgments and decreeing affirmative relief, but a case could not be presented in which the mistake is plainer, nor the inequity of refusing relief more free from doubt. Such cases do not frequently occur. We find none of the assignments of error well taken, and the decree is affirmed.