## JOHN PAUL v. C. W. PYE.[1]

### November 24, 1916.

### Nos. 20,032—(168).

**Verdict — correcting error by affidavit.**

1. The affidavit of all the jurors may be received to show that, by a clerical error of the jury, the verdict returned in court was the opposite of the verdict unanimously agreed upon by them. Stevens v. Montgomery, 27 Minn. 108, distinguished.

**Same — review on appeal — record.**

2. No settled case or bill of exceptions is necessary to review an order disposing of a motion for a new trial made on that ground, the affidavits on which such motion is made being returned.

**Same — discretion of court.**

3. When a mistake is plainly shown, there is little room for discretion in the court to refuse to act.

[1]Reported in 159 N. W. 1070.

Action in the district court for Rice county to recover $426.20 for injuries received in a collision with defendant's automobile. The answer set up a counterclaim for $50 for damages to defendant's car. The case was tried before Childress, J., and a jury which returned a verdict for $50 in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Reversed and new trial granted.

*C. P. Carpenter,* for appellant.

*William W. Pye,* for respondent.

HALLAM, J.

1. Plaintiff, driving a motorcycle, and defendant, driving an automobile, collided on a public highway. Each claimed the collision was solely the fault of the other. Plaintiff sued defendant for $426.20 damages. Defendant answered denying liability, and counterclaimed for $50 damages. The jury returned an affirmative verdict for defendant in the sum of $50. On the following morning all the jurors signed and swore to an affidavit that they in fact agreed upon a verdict in favor of plaintiff for $50, but that two forms of verdict had been handed them by the court, one for plaintiff and one for defendant, each with a blank for assessment of damages, and that the foreman by mistake filled out and signed the wrong form, and that, though the verdict was read in open court and assented to by them, they did not observe the mistake. A motion for a new trial was made on this and also on other grounds. The court denied the motion. Plaintiff appealed.

It is impossible to read the affidavit of the 12 jurors, without being forced to the conviction that justice has in fact been miscarried, and that through a clerical error the verdict as it now stands is the direct opposite of the verdict agreed upon by the jury. There is no practical or substantial reason why relief from this mistake should not be granted. The trial court was apparently of the opinion that he could not receive the affidavit of the jurors for the purpose of showing that they had made such a clerical error. We think such is not the law. If it is, then there is no relief from mistake committed by a jury however gross or palpable it may be, for none but the jurors themselves could ever reveal it. If the amount involved were $50,000, instead of $50, the unbearable conse-

quence of such a rule of law would be more patent, but the principle would be just the same.

There is a well settled rule that the affidavits of jurors as to misconduct in the jury room or as to their deliberations in reaching a verdict are not admissible to impeach the verdict. This rule was first applied in this state in 1854, in St. Martin v. Desnoyer, 1 Minn. 131 (156), 61 Am. Dec. 494, and has been applied in cases too numerous to cite down to Hurlburt v. Leachman, 126 Minn. 180, 148 N. W. 51, in 1914. But this rule is not applicable here. The affidavit of the jurors is here offered, not to show any misconduct on the part of the jury, nor to show how the jury reached their verdict, but to show what their verdict really was. A distinction is properly drawn between these two classes of cases. For the latter purpose the affidavits of jurors may be received.

Naturally great caution should be exercised in setting aside a verdict on this ground, to the end that tampering and collusion may not prevail, but we have no doubt of the power of the court to correct or relieve against a plain mistake of this character. Relief from a mistake in reducing a verdict to writing may be granted on much the same principle as it may be granted from a mistake in reducing a contract to writing. Cases of this sort, though not common, are not so rare as counsel seem to suppose. They have arisen with sufficient frequency so that the law is well settled as we have stated it above. Pelzer Mnfg. Co. v. Hamburg-Bremen Fire Ins. Co. 71 Fed. 826; same case, 76 Fed. 479, 22 C. C. A. 283; Schwamb Lumber Co. v. Schaar, 94 Ill. App. 544; Gillespie v. Ashford, 125 Iowa, 729, 101 N. W. 649; Capen v. Inhabitants of Stoughton, 16 Gray (Mass.) 364; Randall v. Peerless Motor Car Co. 212 Mass. 352, 387, 99 N. E. 221; Dalrymple v. Williams, 63 N. Y. 361, 20 Am. Rep. 544; Hodgkins v. Mead, 119 N. Y. 166, 23 N. E. 559; Wolfgram v. Town of Schoepke, 123 Wis. 19, 100 N. W. 1054, 3 Ann. Cas. 398; Roberts v. Hughes, 7 M. & W. (Eng.) 399; Cogan v. Ebden, 1 Burr. (Eng.) 383.

We accordingly hold that "a unanimous error of the jury in delivering the verdict as already unanimously agreed on in the jury room" may be shown by the affidavits of the jurors themselves as a basis for application for relief by ordering a new trial. 4 Wigmore, Ev. § 2355.

Stevens v. Montgomery, 27 Minn. 108, 6 N. W. 456, is cited as out of

harmony with this decision, but the case is not the same. There the verdict was for plaintiff, but it was claimed that the jury made an omission in their calculation, and that the verdict was returned for an amount different from that which the jury had intended. To set aside the verdict it was necessary to review the computation by which the jury had arrived at the verdict. The conclusion we have arrived at here seems so just in principle, as applied to the facts of a case like the one at bar, and it is so unanimously supported by authority, that we think Stevens v. Montgomery should not require a different result.

2. It is said there is no settled case or bill of exceptions. This is true. But these would furnish us only with the proceedings on the trial and on the return of the verdict, and could show only the verdict in fact returned, the contents of which are not in dispute. A settled case or bill of exceptions could not possibly throw any light on the question as to whether or not the affidavit of the jurors was true. The only documents bearing on this ground for new trial are before us. That is sufficient. A new trial will not usually be granted because of acts of *misconduct* on the part of the jury without a record of the proceedings in the case, because without such record this court cannot say the trial court might not in its discretion say that the misconduct did not affect the result. Thoreson v. Quinn, 126 Minn. 48, 147 N. W. 716. But here it is palpable that the mistake affected the result.

3. It is also said in some of the decisions that there is an element of discretion in setting aside a verdict upon the ground of mistake; Dalrymple v. Williams, 63 N. Y. 361, 20 Am. Rep. 544; Wolfgram v. Town of Schoepke, 123 Wis. 19, 100 N. W. 1054, 3 Ann. Cas. 398; yet when the facts plainly show that a mistake such as this one was made, there is not much room for discretion.

Order reversed and new trial granted.