KATHRYN A. CULLEN, SPECIAL ADMINISTRATRIX, SUBSTITUTED FOR FRANK R. CULLEN, DECEASED, v. CITY OF MINNEAPOLIS AND OTHERS.[1]

October 22, 1937.

No. 31,383.

[1]Reported in 275 N. W. 414.

*Victor E. Johnson* and *William T. Johnson,* for appellant.

*John J. Stoller,* for respondent H. O. Osborn Company.

*Stinchfield, Mackall, Crounse, McNally & Moore* and *Clyde W. Fiddes,* for respondent Mahala Mason.

LORING, JUSTICE.

This appeal is from a judgment entered after an order denying a motion to amend separate verdicts in a suit to recover for personal injuries.

December 21, 1935, Frank R. Cullen was injured in a fall upon ice which had accumulated upon the public sidewalk under a drain pipe from an apartment building in the city of Minneapolis. The city, the owner, and the lessee of the apartment building were sued by Cullen. The jury returned a verdict for the city and separate verdicts for $1,329 each against the owner and the lessee. Apparently counsel were not in court at the time the verdicts were brought in, and the trial court did not send the jury back to find a proper verdict. Two or three days after the jury had been discharged the

plaintiff obtained affidavits from all of the jurors "that by said separate verdicts it was the intention of affiant and of the entire jury that plaintiff should recover by said verdicts the aggregate sum of $2,658 in this action from the defendants, The H. O. Osborn Company and Mahala Mason; that the jury had no form of verdict presented to them by the court which would have enabled them to fill in the amount of their intended verdict of $2,658 against the defendants, The H. O. Osborn Company and Mahala Mason; that because of such lack of a proper form, they filled in separate verdicts against each of said defendants for $1,329 believing that thereby plaintiff would recover $2,658." On these affidavits, the plaintiff moved the trial court to correct the verdicts so that the two verdicts should constitute but one verdict against both the defendants for the sum of $2,658. This motion was denied by the trial court with an intimation that the plaintiff's proper remedy was a motion for a new trial. The trial court in its memorandum stated:

"By those verdicts the jury determined that each of those defendants was liable to plaintiff in the amount of $1,329. The motion now before the court is to determine that each of those defendants is liable to plaintiff in double that amount, or $2,658. By the affidavits of all the jurors, the same being identical in form, they state it was their intention that the plaintiff *was to recover* the aggregate sum of $2,658. Giving to the affidavits the proper interpretation it means that the jury apportioned between the two defendants the aggregate amount of the damage which they intended the plaintiff should recover. The jury were not authorized to apportion the amount of recovery. There is no authority in the law that would authorize the court to double the verdict against each of the defendants in this case."

Subsequently the plaintiff taxed his costs upon these verdicts and caused judgment for $1,386.63 to be entered against the "defendant, The H. O. Osborn Company, a corporation, and Mahala Mason, and each of them." He then took an appeal to this court from that part of the judgment "limiting the amount of the verdict therein to

$1,392." After his death his special administratrix was substituted as plaintiff-appellant.

It is the contention of the plaintiff that the affidavits establish the intention of the jury to bring in a single verdict against both of the defendants in the sum of $2,658, and that their failure to do so was in the nature of a clerical error, which she contends should be corrected upon motion.

■ The appellant relies principally upon the case of Paul v. Pye, 135 Minn. 13, 159 N. W. 1070, Ann. Cas. 1918E, 286, in which the jury, after unanimously agreeing upon a verdict of $50 in favor of the plaintiff, by mistake returned a verdict of $50 in favor of the defendant. Upon motion a new trial was granted. This court held that the affidavit of the jurors was admissible to show what their verdict really was, although not admissible to show misconduct or how the jurors reached their verdict. In the case at bar it seems to us that the affidavits are offered for the purpose of showing how and why the jury arrived at the verdicts which they actually rendered, and that therefore they are inadmissible as tending to impeach the verdict.

■ However, giving to the affidavits the interpretation most favorable to plaintiff, we do not think that they establish any clerical error or mistake but only a misconception on the part of the jury as to the legal effect of the verdicts which they actually agreed upon and returned. The statement is that it was the intention of the jury that by these verdicts the plaintiff should recover the aggregate sum of $2,658. No doubt such was the intent, and the reason that such result was not accomplished was undoubtedly due to a misconception as to the legal effect of the verdicts; but that is not ground for such relief as plaintiff is seeking here.

■ Upon return of these verdicts into court the trial court should have advised the jury that they had no right to apportion the damages or to bring in separate verdicts against these two defendants, and it should have sent them back to their jury room to reconsider and to bring in a single verdict if they were to hold both of these defendants liable.

Prior to the entry of judgment the plaintiff might have availed herself of the remedy indicated as proper in Warren v. Westrup, 44 Minn. 237, 46 N. W. 347, 20 A. S. R. 578, by dismissing as to one of the two defendants; but evidently the entry of judgment against each of them for the respective amounts of the verdict was not contested, and, since the defendants have not attacked the verdicts or the judgment, the erroneous judgment must be affirmed.