PHYLLIS A. DAHLIN v. WILLIAM H. FRASER AND ANOTHER.[1]

December 15, 1939.

No. 32,174.

[1]Reported in 288 N. W. 851.

*John C. DeCourcy,* for appellants.
*Jansen & Branton,* for respondent.

PETERSON, JUSTICE.

Plaintiff had a verdict for assault which was reduced by the trial court. Defendant claims that the evidence is not sufficient to sustain the verdict and that there was misconduct of the jury.

On March 12, 1938, defendant Fraser, who was president of the defendant Ugda, Inc., had plaintiff, who was employed by the corporation, come to his private office and notified her that she was discharged from such employment. Some discussion ensued as to the reasons for the discharge, in the course of which plaintiff claims that Mr. Fraser became very angry and used profane language. Fraser was sitting at his desk. Plaintiff was about five feet away from him. He pounded the desk, arose, came at her with clenched fists, and threatened to strike her. Plaintiff became frightened, fainted, and keeled over. Fraser caught her so she did not strike her head against the desk, but she fell to the floor anyway. Except for catching hold of her when she was falling, he did not touch her in any way. She claims to have sustained a sacroiliac sprain and other injuries, requiring hospitalization.

Defendants admit that Fraser sent for and discharged her, that she fainted, and was taken to a hospital. They deny that any threats were made. Although Fraser denied coming toward plaintiff and claimed that he was sitting at his desk five feet away from her when he spoke to her, he testified that when she fainted and keeled over he caught her in his arms. Just how he got up from his desk after she fainted and started to keel over and then moved close enough to catch her was not explained with entire satisfaction. Defendants also claim misconduct on the part

of the jury in returning a quotient verdict, which they attempted to prove by the affidavit of one of the jurors.

■ Defendants contend that the evidence is not sufficient to show a threat or offer of violence on Fraser's part and that what occurred amounted to mere words and heated discussion. An assault is an unlawful threat to do bodily harm to another with present ability to carry the threat into effect. Mere words or threats alone do not constitute assault. When the words or threats are accompanied by a threat of physical violence under conditions indicating present ability to carry out the threat, they cease to be mere words or threats. Johnson v. Sampson, 167 Minn. 203, 208 N. W. 814, 46 A. L. R. 772. The display of force must be such as to cause plaintiff reasonable apprehension of immediate bodily harm. Evidence that the party charged exhibited anger, used violent language, and threatened to strike another while in his presence under circumstances indicating a present ability to carry out the threats is sufficient to show an assault. Mitchell v. Mitchell, 45 Minn. 50, 47 N. W. 308; Plonty v. Murphy, 82 Minn. 268, 84 N. W. 1005. Defendants' denial of threats is not conclusive. Plaintiff testified at least three times that Fraser made threats, and each time she gave an illustration of his conduct, which she introduced with expressions that it was "this way" or "like this." That he might have been close enough to her to cause her apprehension of immediate bodily harm could be found from the fact that he caught her as she fainted and keeled over. In Stephens v. Myers, 4 C. & P. 349, 19 E. C. L. 548, evidence that the defendant advanced toward plaintiff with clenched fists threatening to strike him and was restrained by others present while he was still not within arm's reach, was held sufficient to sustain a finding of assault. See 5 C. J. p. 619, § 6, note 44.

■ Intent may be inferred from all the facts and circumstances, such as exhibitions of anger, threats, gestures, and other conduct. Where intent is deemed an essential ingredient, the party charged with assault may testify as to the intent with which he committed the act, although his testimony is not conclusive. Eckerd v. Weve,

85 Kan. 752, 118 P. 870, 38 L.R.A.(N.S.) 516; Noonan v. Luther, 206 N. Y. 105, 99 N. E. 178, 41 L.R.A.(N.S.) 761, Ann. Cas. 1914A, 1038. Defendant Fraser did not testify directly to his intent, although he did state that he did not indicate in any way by his arms that he was going to assault her. His intent might well be inferred from his threats, conduct, and language.

■ The only evidence of the jury's misconduct was the juror's affidavit as to the method of reaching the verdict. The affidavit was not admissible. A juror's affidavit is not admissible to impeach the verdict of a jury. Cullen v. City of Minneapolis, 201 Minn. 102, 275 N. W. 414; Keane v. Butner, 150 Minn. 90, 184 N. W. 571.

The evidence justifies the finding of assault. There is no basis for disturbing the verdict.

Affirmed.

