# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 96-2736

_____

| | | |
|---|---|---|
| Thomas H. Johnson, III, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | On appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota |
| City of Minneapolis; John Mori, | * | |
| Chief Finance Officer; Michael | * | |
| Cunningham; John Utley, Bond Council; | * | |
| Sharon Sayles-Belton, Mayor, Member | * | |
| of the Board of Estimate and Taxation; | * | |
| Jackie Cherryhomes, Minneapolis City | * | |
| Council, Member of the Board of | * | |
| Estimate and Taxation; Jack Qvale, | * | |
| Executive Secretary of the Board of | * | |
| Estimate and Taxation; Irving Weiser, | * | |
| Dain Bosworth, Inc.; Roger Wikner, | * | |
| Miller & Schroeder Financial Services, | * | |
| Inc., | * | |
| | * | |
| Defendants - Appellees. | * | |

_____

Submitted: June 10, 1998

Filed: August 13, 1998

_____

Before BOWMAN, Chief Judge, BEAM, Circuit Judge, and GAITAN,[1] District Judge.
_____

FERNANDO J. GAITAN, JR., District Judge.

Thomas A. Johnson III appeals from the district court's order of dismissal. Johnson brought this action pro se on behalf of himself and other plaintiffs. The district court granted defendants' motion to dismiss, finding that plaintiffs had not sufficiently pled a class action, had not pled a sufficient property or liberty interest to give rise to due process claims, and had not sufficiently pled equal protection claims. Johnson, now through counsel, appeals the district court's order as to dismissal of the merits but not as to class certification. Because we conclude that the district court[2] correctly determined that Johnson failed to present any claims that could entitle him to relief, we affirm the district court's order dismissing the case.

## I.    BACKGROUND

Johnson initiated this action after the City of Minneapolis purchased the Target Center Arena from private owners in 1995 using the proceeds of a City of Minneapolis bond issue. Johnson and the other plaintiffs,[3] all of whom were residents of the City of Minneapolis, objected to the constitutionality of the bond issue and sued in district court on due process and equal protection grounds.

_____

[1]The HONORABLE FERNANDO J. GAITAN, JR., United States District Judge for the Western District of Missouri, sitting by designation.

[2]The HONORABLE JOHN R. TUNHEIM, United States District Judge for the District of Minnesota.

[3]Although several plaintiffs were involved in this case, only Johnson appeals the district court's final decision.

In a four-count complaint, plaintiffs brought two equal protection claims, a claim pursuant to 42 U.S.C. § 1983, and a § 1985 conspiracy claim. As the district court correctly pointed out, 42 U.S.C. § 1983 does not provide substantive rights, but rather creates a cause of action for deprivation of a claimant's constitutional rights by any person under color of state law. 42 U.S.C. § 1985 creates a cause of action for conspiracy to deprive any person or class of persons of equal protection of the law.

## II.    DISCUSSION

We review the district court's Fed.R.Civ.P. 12(b) dismissal of Johnson's action de novo. See Concerned Citizens of Neb. v. United States Nuclear Regulatory Comm'n, 970 F.2d 421, 425 (8th Cir.1992). We must construe the allegations in the complaint in the light most favorable to Johnson, see id., and should not approve dismissal of his complaint for failure to state a claim unless "it appears beyond doubt that [he] can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957) (footnote omitted).

Appellant presents only one question on appeal: Did the district court err in finding that the complaint failed to plead a sufficient declaratory judgment action? This court will first consider this issue in the context of appellant's due process claim, and then as it relates to the equal protection claims.

### A.    Due Process

A due process claim is cognizable only if there is a recognized liberty or property interest at stake. Movers Warehouse, Inc. v. City of Little Canada, 71 F.3d 716, 718 (8th Cir.1995). Property interests are created by existing rules or understandings that stem from an independent source, such as state law. Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972).

The appellant contends that a property interest exists as a result of the referendum requirement imposed by the Minneapolis Home Rule Charter ("Charter").[4] The Charter provides direction for the Board of Estimate and Taxation when issuing bonds, and commands that bond issues exceeding $15,000,000 must first be approved by a majority of the electors. However, the bonds that are the subject of this dispute were not issued pursuant to the Charter by the Board of Estimate.

Instead, the bonds were issued by the Minneapolis City Council under the authority granted in Minn. Stat. 469.129.[5] This statute deals with the issuance of municipal bonds for economic development purposes. Appellant claims that the provisions of the Charter requiring a referendum still apply. We, like the district court, hold to the contrary.

Johnson argues that the Charter still must apply, apparently because a Minnesota statute exists which, if it were applicable, would subject the issuance of bonds to city charter-based limitations. The problem with Johnson's argument is that Minn. Stat.

---

[4]Minneapolis Home Rule Charter Ch. 15, § 9, provides:

Upon request of the City Council expressed by ordinance or resolution adopted by the votes of two-thirds of all the members thereof, the Board of Estimate and Taxation in its discretion ... shall have the power to issue and sell negotiable bonds ... [If the amount of indebtedness exceeds $15,000,000] the Board of Estimate and Taxation shall not issue or sell any [such] bonds ... without approval of a majority of the electors.

[5]Minn.Stat. § 469.129(1) states that:

The governing body may authorize, issue and sell general obligation bonds to finance the acquisition and betterment of real and personal property needed to carry out the development program within the development district. The bonds shall ... be issued in accordance with [enumerated sections of Minn.Stat. Ch. 475].

475.52(2)[6] is not, in fact, applicable to bonds issued pursuant to § 469.129. Section 469.129 specifically enumerates several statutes that apply. Minn.Stat. § 475.52(2), imposing charter-based limitations on the authority to issue bonds, has not been made applicable to § 469.129.

Putting another twist on the same argument, Johnson claims that this bond issue is a matter of local concern and that therefore, according to Minnesota law, the Charter should apply. Although enactments by home rule cities are generally given full legislative force in Minnesota, State v. City of Crookston, 91 N.W.2d 81, 83 (Minn. 1958), they are usurped when the state legislature has "expressly or impliedly restricted the municipality's power over these matters[.]" Gadey v. City of Minneapolis, 517 N.W.2d 344, 348 (Minn.Ct.App. 1984); see also, Lilly v. City of Minneapolis, 527 NW.2d 107, 111 (Minn.Ct.App. 1995). As discussed, supra, several sections of Chapter 475 are referenced as applicable to § 469.129, but § 475.52(2) is not one of them. Hence, the referendum requirement of § 475.52(2) is not imposed, or is "impliedly restricted" from the issuance of bonds pursuant to § 469.129. Because Johnson had no legitimate expectation that he would be entitled to vote on any bonds issued under Minn. Stat. § 469.129, he lacks a protected liberty or property interest upon which to base a due process claim.

---

[6]Home rule charter cities.

Any city governed by a home rule charter may issue bonds for any purpose enumerated in subdivision 1 unless forbidden by its charter, except that any such city may issue bonds for the acquisition of ambulances and related equipment notwithstanding the provisions of its charter; and for other purposes as authorized by its charter.

Minn.Stat. § 475.52(2)

**B.**    **Equal Protection**

Appellant next argues that the district court erred in finding there to be no class of people who had received disparate treatment in violation of the equal protection clause.  To state an equal protection claim, appellant must have established that he was treated differently from others similarly situated to him.  See Klinger v. Department of Corrections, 31 F.3d 727, 731 (8th Cir.1994), cert. denied, 513 U.S. 1185, 115 S.Ct. 1177, 130 L.Ed.2d 1130 (1995).

The district court found that "plaintiffs neither describe the classification at issue nor identify any differential treatment to which they have been subjected."  The court, finding that the only class plaintiffs identified was that of qualified voters in the City of Minneapolis, applied rational basis review and dismissed plaintiffs' claims.

On appeal, appellant, through counsel, now attempts to recharacterize the equal protection claims.  "[W]hat [Johnson] meant to say is that his right to vote was abrogated."  Brief of Appellant, p. 16.  However, the cases cited by appellant are inapposite, for they involve legislation that impacted the voting power of a particular group (e.g. racial minority groups), whereas appellant concedes that this case does not involve a protected class.

Because no protected class is involved, the legislative decision -- to except economic development bonds from referendum requirements -- is reviewed only for a rational basis.  Where rational basis review is appropriate, the plaintiff/appellant bears the burden of proof, and the statute in question bears a strong presumption of validity.  F.C.C. v. Beach Communications, Inc., 508 U.S. 307, 314, 113 S.Ct. 2096, 2101-2, 124 L.Ed.2d 211 (1993) , citing Lyng v. Automobile Workers, 485 U.S. 360, 370, 108 S.Ct. 1184, 1192, 99 L.Ed.2d 380 (1988).  Because we agree that the complaint does not plead an equal protection claim upon which relief could be granted, we also affirm this portion of the district court's decision.

## III.  CONCLUSION

For the reasons set forth above, we affirm the judgment of the district court.

A true copy.

   Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.