# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1869
_____

| | | |
|---|---|---|
| Carpenter Outdoor Advertising Co., | * | |
| a corporation, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States |
| City of Fenton, a municipal corporation; | * | District Court for the |
| Fran Ruzicka, Mayor; Larry Steelman, | * | Eastern District of Missouri. |
| Alderman; Wayne Berry, Alderman; | * | |
| Terry L. Ball, Alderman; Christie Guise, | * | |
| Alderman; Tim Trego, Alderman; | * | |
| Charles Preslar, Alderman; Steven | * | |
| Brightman, Alderman; Jack Lauer, | * | |
| Alderman; Franz Kraintz, Director of | * | |
| Planning and Zoning; Valerie Adams, | * | |
| City Administrator, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: January 12, 2001

Filed: June 1, 2001
_____

Before WOLLMAN, Chief Judge, HANSEN, and MURPHY, Circuit Judges.
_____

WOLLMAN, Chief Judge.

Carpenter Outdoor Advertising Co. (Carpenter) appeals from the district court's[1] dismissal of its civil rights complaint against the City of Fenton, Missouri, the city's board of alderman (the board), and various other city officials (collectively, the city). For the reasons stated below, we affirm.

In reviewing the grant of a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6), we assume that all facts alleged in the complaint are true, construe the complaint liberally in the light most favorable to the plaintiff, and will affirm the dismissal only if it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle the plaintiff to relief. Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994).

This dispute arose in 1997. At that time, the Missouri statutory scheme regarding billboards provided that a state commission was responsible for, among other things, the implementation of relevant state law for the issuance of permits for off-premises outdoor advertising signs within 660 feet of an interstate highway. See National Adver. Co. v. Missouri State Highway and Transp. Comm'n, 862 S.W.2d 953, 954-55 (Mo. Ct. App. 1993); Outcom, Inc. v. City of Lake St. Louis, 996 S.W.2d 571, 573 (Mo. Ct. App. 1999) (discussing Mo. Rev. Stat. § 226.540(7) (1994)). This statutory scheme left some room for local regulation of the same area when it was zoned for industrial or commercial use and met other requirements of the statute. Id. An ordinance in Fenton's zoning code prohibited all off-premises signs in areas zoned for commercial and industrial use. In May of 1997, the Missouri legislature passed a

---

[1]The Honorable Terry I. Adelman, United States Magistrate Judge for the Eastern District of Missouri, presiding over the case with the consent of the parties pursuant to 28 U.S.C. § 636(c).

bill with an effective date of August 28, 1997, that would allow municipalities to be more restrictive with their zoning codes. The governor signed the bill in July of 1997.

In early 1997, Carpenter leased two parcels of land in Fenton within 660 feet of interstate highway 44 as a location for two new off-premises outdoor advertising signs. In April of 1997, Carpenter applied for and received permits for the two signs from the state commission.

Notwithstanding the local ordinance prohibiting such signs, on June 12, 1997, Carpenter filed permit applications for the signs with Fenton's planning and zoning director. Carpenter attached to the applications a copy of state court decisions that it contended demonstrated the invalidity of Fenton's code when compared to the requirements of the state statutes. Fenton's code requires the director to take action within fifteen days of a filed application, but it was not until July 30 that the board held a special emergency meeting to take up the issue of off-premises outdoor advertising and its zoning code. Carpenter's representatives attended the meeting and presented a position paper relevant to the issue, contending that Fenton's zoning code was invalid and that the city thus was required to issue the permit. Unpersuaded, the board enacted a temporary moratorium, which would terminate automatically on October 30, 1997, on any new off-premises signs pending the board's review of the zoning code.

On August 19, 1997, Carpenter withdrew the permit applications. The next day, however, it sought and received from the state circuit court an ex parte order of prohibition against the city allowing it to erect the signs. Armed with this order, Carpenter erected the signs. On August 28, 1997, after a hearing on the matter, the court dissolved its order and ordered Carpenter to take down the signs. Carpenter complied with the court's order and unsuccessfully appealed the decision through the state court system.

On October 7, 1997, Carpenter filed with the city new permit applications for the two signs. Two days later, the board enacted a new zoning ordinance, rescinding the moratorium. The new ordinance allowed off-premises outdoor advertising signs with certain restrictions, such as size limitations. Carpenter then amended its permit applications. It readily concedes that the plans for the signs in the amended permit applications do not meet the requirements of the new ordinance, contending instead that this new zoning ordinance is also invalid under state law. The city has stated that it will not act on the permit applications until they comply with the ordinance. Carpenter has not sought variances from the city or further relief in state court.

Carpenter filed its complaint, later amended, in federal district court on August 11, 1998, alleging a number of constitutional claims grounded in 42 U.S.C. § 1983 and § 1985. In a thorough, well-reasoned memorandum opinion, which we adopt by reference, the district court granted the city's motion to dismiss, holding that Carpenter had failed to state a claim upon which relief could be granted on any of its claims, including those alleging violation of its rights to free speech, procedural and substantive due process, equal protection, and just compensation for a taking.

On appeal, Carpenter first contends that its complaint properly alleges a claim based on the First and Fourteenth Amendments of the federal constitution. Carpenter's primary argument is that because both the moratorium and the original version of the ordinance violated state law, their application violated its free speech rights under the plurality's opinion in Metromedia, Inc. v. City of San Diego, 453 U.S. 490 (1981). At its core, this argument presents the question whether either version of the ordinance conflicted with state law rather than a question of federal constitutional law. As for the remainder of the first amendment argument regarding commercial speech, the district court determined, and we agree, that the complaint fails to allege the elements of a claim under Metromedia, 453 U.S. at 507-08, 512. The allegation that the city's original ordinance ran afoul of the plurality's holding in Metromedia overlooks the fact that in Metromedia the invalid ordinance allowed commercial but not noncommercial

on-premises signs, an impermissible content-based discrimination.  See Metromedia, 453 U.S. at 513 ("Insofar as the city tolerates billboards at all, it cannot choose to limit their content to commercial messages.").  Accordingly, the district court did not err in dismissing Carpenter's first claim.

Second, Carpenter argues that its complaint sufficiently alleges that the city's actions violated its procedural and substantive due process rights.  A due process claim "is cognizable only if there is a recognized liberty or property interest at stake." Johnson v. City of Minneapolis, 152 F.3d 859, 861 (8th Cir. 1998).  "Property interests are created by existing rules or understandings that stem from an independent source, such as state law," id., but federal constitutional law determines whether the interest created by state law rises to the level of a protected property interest.  Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 9 (1978).

Carpenter contends that it has a property interest in its state law permits,[2] arguing that the city could not under its zoning code override the state commission's issuance of permits.  Under Missouri law, however, municipalities have the authority to regulate outdoor advertising in zoned commercial and industrial areas within 660 feet of an interstate highway after the state agency issues a permit.  See Mo. Rev. Stat. § 226.540(7).  Although Carpenter argues that the city's zoning code is null and void

---

[2]On appeal, Carpenter argues that the property interest arises from the local permits, but we have been unable to locate this allegation in the amended complaint. In any event, the local ordinance would not give Carpenter a vested right because Carpenter has admittedly never met the city ordinance's requirements. See Carolan v. City of Kansas City, Mo., 813 F.2d 178, 181 (8th Cir. 1987) (holding that property interest created in a local building permit if (1) the municipality lacks discretion and must issue a building permit to an applicant who complies with the requirements for a permit and (2) the applicant has fulfilled the requirements).  Also, Carpenter withdrew the permit applications on which it based this argument, indicating that it had no expectancy of their approval.

under state law and that therefore a state permit is all that it needs to have a property interest, state law also holds that a local ordinance is presumed to be valid. See McCollum v. Director of Revenue, 906 S.W.2d 368, 369 (Mo. 1995) (en banc) (per curiam); Outcom, 996 S.W.2d at 575. Under state law, then, Fenton had some ability to regulate outdoor advertising. Its zoning code is presumed to be valid, precluding Carpenter's argument that it legitimately expected that it would be able to erect its signs upon receipt of a state permit. Accordingly, we conclude that the complaint does not allege a protected property interest arising from state law, and thus Carpenter's due process claim fails. See Johnson, 152 F.3d at 862; cf. Batra v. Board of Regents of the Univ. of Neb., 79 F.3d 717, 720 (8th Cir. 1996) (holding that for property interest to arise, a plaintiff must have more than "mere subjective expectancy"); see also Drury Displays, Inc. v. City of Shrewsbury, 985 S.W.2d 797, 800 (Mo. Ct. App. 1998) (state court found no protected property interest in similar situation). Furthermore, with regard to substantive due process, we have held that "a state-law error, no matter how fundamental, cannot in and of itself create a federal due-process violation." Chesterfield Dev. Corp. v. City of Chesterfield, 963 F.2d 1102, 1105 (8th Cir. 1992). Carpenter's due process claims are grounded in its allegations of error under Missouri law, and thus it has not sufficiently alleged a substantive due process claim. See id.

Carpenter's remaining three claims do not require extended discussion. The section 1985 claim fails because Carpenter does not allege a "class-based invidiously discriminatory animus" or facts that would support such an allegation. See Bell v. Fowler, 99 F.3d 262, 270 (8th Cir. 1996) (internal quotation omitted). The equal protection claim based on arbitrary or irrational state action fails because, although Carpenter's complaint alleges that the city intentionally delayed approval of its permits, it does not allege "an unlawful intent to discriminate . . . for an invalid reason" with regard to that action. Batra, 79 F.3d at 721. Finally, Carpenter's claim based on the Just Compensation Clause of the Fifth Amendment fails because "[t]he general rule is that a plaintiff must seek compensation through state procedures before filing a federal takings claim," Von Kerssenbrock-Praschma v. Saunders, 121 F.3d 373, 379 (8th Cir.

1997); see Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 194-195 (1985), and Carpenter has not done so. Carpenter instead argues that following state procedures would be futile because the city's refusal to act on its applications prevents Carpenter from obtaining a final decision and therefore it is excused from following state procedures under Missouri law. The Missouri cases Carpenter cites, however, do not support this proposition, and this claim thus fails as premature. Cf. Littlefield v. City of Afton, 785 F.2d 596, 609 (8th Cir. 1986) ("Until the Minnesota courts have ruled that an inverse condemnation action may not be brought or denies damages in such an action, appellants' claim of taking without just compensation is not ripe for decision by a federal court."), overruled in part on other grounds as stated in Chesterfield, 963 F.2d at 1104 n.2.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.