# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1800

_____

| | |
|---|---|
| John William Parker, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * District of Minnesota |
| Sid Canham, individually and as an | * |
| employee of Mahnomen County; | * [UNPUBLISHED] |
| Richard Rooney, Sheriff, individually | * |
| and as Sheriff of the County of | * |
| Mahnomen; County of Mahnomen, | * |
| Minnesota, | * |
| | * |
| Appellees. | * |

_____

Submitted: October 24, 2003

Filed: December 9, 2003

_____

Before RILEY, McMILLIAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

John William Parker, a member of the White Earth Band of Chippewa (Band), appeals from the final judgment entered in the District Court for the District of Minnesota upon an adverse grant of summary judgment in his action asserting constitutional and state law claims arising out of a traffic stop. For reversal Parker

argues that genuine issues of material fact precluded summary judgment. For the reasons discussed below, we affirm the judgment of the district court in part and reverse in part.

In January 2000, Sheriff's Deputy Sid Canham stopped Parker's vehicle, pursuant to a law enforcement agreement between the Band and Mahnomen County, for exceeding the speed limit. According to Parker, he and Canham argued over whether Canham had jurisdiction to stop him, because the stop occurred on the Band's reservation. Canham allegedly used profanity and a racial slur, and threatened to "beat the hell out of" Parker with a club he was holding. Parker was frightened, but Canham cooled down and told Parker he would receive a ticket from the Band police.

We agree with the district court that summary judgment was appropriate on Parker's constitutional claims against Sheriff Richard Rooney and Mahnomen County. See Heisler v. Metro. Council, 339 F.3d 622, 626 (8th Cir. 2003) (summary judgment standard of review). Parker offered no evidence that his constitutional rights were violated as a result of the Sheriff's own actions, see Ottman v. City of Independence, 341 F.3d 751, 761 (8th Cir. 2003), and we conclude that the law enforcement agreement between the Band and Mahnomen County was not an unconstitutional policy or custom, see Liebe v. Norton, 157 F.3d 574, 578-79 (8th Cir. 1998).

We also find that Parker did not establish a constitutional claim against Canham, because (1) Canham had authority to make a traffic stop under the law enforcement agreement and did not violate the Fourth Amendment by stopping Parker after observing him exceeding the speed limit, see United States v. Linkous, 285 F.3d 716, 719 (8th Cir. 2002); (2) the duration of the stop was not unconstitutional, see United States v. Long, 320 F.3d 795, 801 (8th Cir. 2003); United States v. $404,905.00, 182 F.3d 643, 647 (8th Cir. 1999), cert. denied, 528 U.S. 1161 (2000);

(3) there was no evidence that Canham did not stop similarly situated non-Native Americans under similar circumstances, <u>see</u> <u>Johnson v. City of Minneapolis,</u> 152 F.3d 859, 862 (8th Cir. 1998), <u>cert. denied</u>, 525 U.S. 1142 (1999); and (4) Canham's alleged verbal threat and use of a racial epithet are not cognizable under 42 U.S.C. § 1983, <u>see</u> <u>Hopson v. Fredericksen</u>, 961 F.2d 1374, 1378 (8th Cir. 1992); <u>Martin v. Sargent</u>, 780 F.2d 1334, 1338 (8th Cir. 1985).

In addition, we conclude that Parker's Minnesota Human Rights Act claim was time-barred, <u>see</u> Minn. Stat. Ann. § 363.14, subd. 1(a)(1) (West 1991 & Supp. 2003); and Parker did not offer evidence sufficient to support his state law claims for false imprisonment and abuse of process, <u>see</u> <u>Guite v. Wright</u>, 976 F. Supp. 866, 871 (D. Minn. 1997); <u>Kittler & Hedelson v. Sheehan Prop., Inc.</u>, 295 Minn. 232, 203 N.W.2d 835, 840 (1973).

With regard to Parker's state law assault claim, however, we conclude that there was sufficient evidence for a jury to decide whether Canham made an unlawful threat to do bodily harm with the present ability to carry the threat into effect. <u>See</u> <u>Dahlin v. Fraser</u>, 205 Minn. 476, 288 N.W. 851, 852 (1939). Further, based upon Parker's deposition testimony, there remains a genuine issue of material fact whether Canham acted maliciously or willfully, which precludes summary judgment based upon Minnesota's official immunity doctrine, <u>see</u> <u>Johnson v. Morris</u>, 453 N.W.2d 31, 41 (Minn. 1990), and the record does not support summary judgment for the County and Sheriff Rooney on an assault claim based upon respondeat superior, <u>see</u> Minn. Stat. Ann. § 466.02 (West 2001).

Accordingly, we affirm the district court's grant of summary judgment, except with regard to Parker's state law assault claim, as to which we reverse the grant of summary judgment and remand for further proceedings consistent with this opinion.

_____