# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1017

_____

Herbert Carter, individually and    *
on behalf of all others similarly    *
situated,    *
   *
          Appellant,    *
   *    Appeal from the United States
     v.    *    District Court for the
   *    Eastern District of Arkansas
State of Arkansas; State and Public    *
School Life and Health Insurance    *
Board; Mike Huckabee, Honorable,    *
individually and in his official    *
capacity as Governor of the State    *
of Arkansas; John Hartnedy,    *
individually and in his official    *
capacity as a member of the State and    *
Public School Life and Health    *
Insurance Board; Preston A. Means,    *
individually and in his official    *
capacity as a member of the    *
State Public School Life and Health    *
Insurance Board; Joseph    *
Thompson, Dr., individually and    *
in his official capacity as a member    *
of the State  and Public School Life    *
and Health Insurance Board;    *
Janie D. White, individually and    *
in her official capacity as a member    *
of the State and Public School Life    *
and Health Insurance Board;    *
Bobbie A. Davis, Dr., individually    *

and in her official capacity as a
member of the State and Public
School Life and Health Insurance
Board; Darrell Montgomery,
individually and in his official
capacity as a member of the State
and Public School Life and Health
Insurance Board; Vance Strange,
individually and in his official
capacity as a member of the State
and Public School Life and Health
Insurance Board; Robert Watson,
individually and in his official
capacity as a member of the State
and Public School Life and Health
Insurance Board,

　　　　　　　　Appellees.

　　　　　　　　　　＊
　　　　　　　　　　＊
　　　　　　　　　　＊
　　　　　　　　　　＊
　　　　　　　　　　＊
　　　　　　　　　　＊
　　　　　　　　　　＊
　　　　　　　　　　＊
　　　　　　　　　　＊
　　　　　　　　　　＊
　　　　　　　　　　＊
　　　　　　　　　　＊
　　　　　　　　　　＊
　　　　　　　　　　＊
　　　　　　　　　　＊
　　　　　　　　　　＊
　　　　　　　　　　＊
　　　　　　　　　　＊
　　　　　　　　　　＊
　　　　　　　　　　＊

_____

Submitted: November 18, 2004
Filed: December 17, 2004

_____

Before RILEY, McMILLIAN, and GRUENDER.  Circuit Judges

_____

McMILLIAN, Circuit Judge.

Herbert Carter appeals from a final judgment entered in the District Court for the Eastern District of Arkansas[1] dismissing his federal equal protection and due process claims against state officials for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  We affirm.

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

Carter, a former superintendent of the Marion, Arkansas, school district, is a retired public school employee and a participant in the teacher retirement program administered by the Arkansas State and Public School Life and Health Insurance Board (the "Board"), which administers benefits plans for state employees and public school employees.  Carter filed the instant 42 U.S.C. § 1983 complaint against the Governor of the State of Arkansas and eight members of the Board (collectively the "state"), alleging equal protection and due process violations under the federal and state constitutions.  Carter first alleged that the state had violated his rights to equal protection and due process because it contributed more for health insurance premiums for state employees than for public school employees.  He also alleged equal protection and due process violations because retired public school employees who received Medicare benefits paid the same premium as public school employees who were not covered by Medicare.

The state filed a Rule 12(b)(6) motion to dismiss, arguing that Carter had failed to allege facts to support federal equal protection or due process claims.  The district court granted the state's motion and declined jurisdiction over the pendent state law claims. Carter filed a timely appeal.

**DISCUSSION**

We review the district court's grant of a Rule 12(b)(6) motion to dismiss de novo, taking "all facts alleged in the complaint as true."  Knapp v. Hanson, 183 F.3d 786, 788 (8th Cir. 1999) (Knapp).  "A motion to dismiss should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief."  Id. (internal quotation omitted).

Because Carter is not a member of a suspect class and his claims do not involve a fundamental right, his federal equal protection claims are subject to rational basis review.  Under this review, a court must reject an equal protection challenge to a

statutory classification "'if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.'" Id. at 789 (quoting FCC v. Beach Communications, Inc., 508 U.S. 307, 313 (1993) (Beach Communications)). Indeed, "a legislative choice . . . may be based on rational speculation unsupported by evidence or empirical data." Beach Communications, 508 U.S. at 315. Thus, because "all that must be shown is 'any reasonably conceivable state of facts that could provide a rational basis for the classification,' it is not necessary to wait for further factual development." Knapp, 183 F.3d at 789 (quoting Beach Communications, 508 U.S. at 313). In other words, a district court may conduct a rational basis review on a motion to dismiss. Id.

In this case, the district court did not err in dismissing Carter's federal equal protection claims. First, Carter did not state a claim regarding the difference between the state's contributions for health insurance premiums of public school employees and state employees. As a threshold matter, in order "[t]o state an equal protection claim, appellant must have established that he was treated differently from others similarly situated to him." Johnson v. City of Minneapolis, 152 F.3d 859, 862 (8th Cir. 1998). Carter argues that public school employees are similarly situated to state employees because the state is ultimately responsible for public school education. Although the state may be responsible for public school education, the two groups are not similarly situated for purposes of an equal protection analysis, which requires that plaintiffs must be "similarly situated to another group for purposes of the challenged government action." Hosna v. Groose, 80 F.3d 298, 304 n.8 (8th Cir. 1996) (internal quotation omitted). Moreover, the two groups must be similarly situated "in all relevant respects." Bills v. Dahm, 32 F.3d 333, 335 (8th Cir. 1994). Here, public school employees and state employees are not similarly situated for purposes of this lawsuit challenging the amount of employer contributions to employee health insurance premiums because, as the state notes, the two groups have different employers. Public school employees are employees of local school districts, not the state. Ark. Code Ann. § 6-13-620(4)(A) ("Board of Directors of each school district

-4-

. . . shall . . . [e]mploy teachers and other employees . . . and make written contracts with teachers and all other employees"). See Arnold v. City of Columbia, 197 F.3d 1217, 1220 (8th Cir.1999) (holding that although plaintiffs were in same job grade classification as other employees, they were not similarly situated with respect to wage and hour equal protection challenge); Post v. Harper, 980 F.2d 491, 495 (8th Cir. 1992) (rejecting equal protection challenge because county employee was "not similarly situated, either in fact or in contemplation of law, to elected public officials or to municipal employees").

Even assuming that the two groups were similarly situated, Carter failed to state a claim. At the time Carter filed his complaint a local public school district was required to contribute $114.00 a month for employees participating in "the public school employee health insurance program," Ark. Code Ann. § 6-17-1117(a), whereas the state could contribute up to $350.00 for its employees' health benefits. Id. at § 21-5-414(b)(1). As the district court held, it was rational for the state legislature to require the employers of public school employees and state employees to bear responsibility for health care contributions for their respective employees and that the state could contribute more than a local public school district for employee health insurance.

Nor did the district court err in rejecting Carter's second equal protection challenge. As the district court held, it was rational for the state to require Medicare-covered employees to pay the same health insurance premium as those not covered by Medicare, because it could have reasonably concluded that those over 65 have higher health care costs.

The district court also did not err in dismissing Carter's federal due process claims. Because the challenged state actions survive rational basis scrutiny, Carter has not stated a substantive due process claim. See Klein v. McGowan, 198 F.3d 705, 710 (8th Cir.1999) ("To meet his burden [of establishing a substantive due process

violation] a § 1983 plaintiff must demonstrate that the government action complained of is truly irrational, that is something more than . . . arbitrary, capricious, or in violation of state law.") (internal quotation omitted). The state argues that Carter failed to state a procedural due process claim because he does not have a property interest in health insurance premiums. Even assuming Carter has a property interest, he has not stated a procedural due process claim because he is not challenging the manner of any deprivation, such as the lack of notice or opportunity to be heard. See Parrish v. Mallinger, 133 F.3d 612, 615 (8th Cir. 1998).

The district court also correctly dismissed without prejudice Carter's claim that the state had illegally used public school employees' health insurance premiums to subsidize state employees' health insurance premiums. Carter characterized the claim as an unconstitutional taking of private property without just compensation, in violation of the Fifth and Fourteenth Amendments. However, because he did not allege that he had exhausted state court remedies, the district court did not err in dismissing the claim. Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir.) ("Until [plaintiff] has exhausted his state court remedies, his [Fifth Amendment takings] claim may not be brought in federal court."), cert. denied, 540 U.S. 825 (2003). We note that where, as here, a statute survives a substantive due process challenge, "it would be surprising indeed to discover" that the statute constitutes an unconstitutional taking. Connolly v. Pension Benefit Guar. Corp., 475 U.S. 211, 223 (1986).

Because the district court declined jurisdiction over Carter's pendent state law claims, we do not address them.

Accordingly, the judgment of the district court is affirmed.

_____